UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE L. BLANTON,

          Plaintiff,

vs.                         Case No. 2:05-cv-421-FtM-99SPC

UNIVERSITY OF FLORIDA,

          Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint (Doc. #21), filed on April 3, 2006. Plaintiff filed a Memorandum in Opposition (Doc. #25) to the motion, and a Notice of Supplemental Authority (Doc. #27).

     In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

The sole issue in the motion to dismiss is whether the January 25, 2005, letter can be considered an adverse employment action. In light of cases such as Burlington Northern & Santa Fe Ry Co. v. White, 126 S. Ct. 2405, 2414-16 (2006) and Gillis v. Georgia Dept. Of Corr., 400 F.3d 883, 887-88 (11th Cir. 2005), it cannot be said beyond doubt that plaintiff can prove no set of facts that which entitle her to relief.  Therefore, the motion to dismiss must be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of September, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record