UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE L. BLANTON,

        Plaintiff,

-vs-                                                                  Case No.  2:05-cv-421-FtM-34SPC

UNIVERSITY OF FLORIDA,

        Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendant University of Florida's Motion for Costs and Attorney's Fees  (Doc. #102 ) filed on May 25, 2007, and the Defendant University of Florida's Amended Motion for Costs (Doc. # 104) June 6, 2007.  On February 6, 2008, the District Court referred the Motions (Doc. # 117) for a Report and Recommendation.  The Motions are now ripe for review.

      Before addressing the Motions on the merits, the Court must first consider whether or not the Motions were timely filed.  Pursuant to Fed.R.Civ.P. 54(d)(2)(B), "[u]nless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment."  The Local Rules of the Middle District of Florida provide as follows:

> In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

M.D. Fla. Local Rule 4.18(a).

On July 19, 2007, the District Court issued an Order to Show Cause (Doc. #117) why the Motions should not be denied as untimely filed. In its Response (Doc. # 112) the University of Florida asks the Court to consider its Motions as timely filed pursuant to the Fed . R. Civ. P. 6(b). The Rule reads in pertinent part:

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at anytime in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P 6(b). Therefore, under Rule 6(b), the Court may enlarge a period of time and permit an untimely filing where the omission is a result of excusable neglect. Porcelli v. Onebeacon Ins. Co., 2006 WL 3333599 *2 (M.D.Fla. November 16, 2006) (citing Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 390, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 391-392. To determine if the neglect was excusable, a court must look to the danger of prejudice to the nonmovant, the length of the delay and its impact on the proceedings, and the reason for the delay including whether the movant acted in good faith and whether the delay was within the reasonable control of the movant. Id. at 425.

In the instant case, the Judgment (Doc. # 101) was entered in favor of the Defendant on May 4, 2007. The Defendant filed its original Motion for Costs and Attorney's Fees on May 25, 2007, and filed the Amended Motion on June 6, 2007. Thus, the Motions were untimely filed. The Defendant argues that Motions should be accepted as timely filed under the Eleventh Circuit's holding in Pioneer Investment Services Company. As grounds, the Defendant states that the Plaintiff will not be prejudiced because she was put on notice in its Complaint that the Defendant would seek costs and fees should it prevail in the litigation. The Defendant further states the Motions were only seven (7) days late therefore it was only a slight delay in the filing.

The Defendant's argument lacks merit. The Court may enlarge the period of time and permit untimely filings where the omission is a result of excusable neglect. Porcelli, 2006 WL 3333599 at *2. The Defendant presents no rationale that could be considered excusable neglect. The Plaintiff would be prejudiced if the Court allowed the late filings in that she would have to defend paying costs and fees even though the requests were filed in violation of the Federal and Local Rules. The Defendant is represented by competent counsel and was therefore aware or should have been aware of the rule's fourteen day expiration deadline. *See* Porcelli, 2006 WL 3333599 at *2 (holding that no circuit has found that an attorney's failure to grasp the procedural law is excusable neglect). Therefore, arguing that the delay was only seven (7) days is insufficient to rise to the level of excusable neglect.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Defendant University of Florida's Motion for Costs and Attorney's Fees (Doc. #102) should be **DENIED** as untimely.

(2) The Defendant University of Florida's Amended Motion for Costs (Doc. # 104) should be **DENIED** as untimely.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __8th__ day of February, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record